```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF TEXAS
 2                        SHERMAN DIVISION

 3   USA                          )(   CRIMINAL ACTION NO.

 4   v.                           )(   4:17-CR-124

 5   JAMES BRANDON BENNETT        )(

 6                                )(

 7                                )(

 8                                )(   JULY 16, 2018

 9                                )(   10:00 A.M.

10

11                  CHANGE OF PLEA HEARING

12      BEFORE THE HONORABLE JUDGE KIMBERLY C. PRIEST JOHNSON

13                  UNITED STATES MAGISTRATE

14

15   APPEARANCES:

16   FOR THE GOVERNMENT:    Mr. Ernest Gonzalez

17

18
     FOR THE DEFENDANT:     Mr. Selim Fiagome
19

20

21   COURT REPORTER:        MS. SHAWNA GAUNTT-HICKS, CSR
                            Deputy Court Reporter
22                          United States District Court
                            Eastern District of Texas
23                          (903) 276-1090
                            CSR NO. 9353
24

        (Proceedings recorded, transcript produced by a court
25           reporter.)
```

1              **P R O C E E D I N G S**

2

3      (Proceedings commence at 10:00 a.m.)

4      (Defendant present with counsel.)

5

6          THE COURT:  Court calls Case Number 4:17-CR-124,

7  *United States versus James Brandon Bennett.*

8          MR. GONZALEZ:  Your Honor, Ernest Gonzalez for the

9  Government.  The Government's ready to proceed.

10         MR. FIAGOME:  Your Honor, Selim Fiagome here on

11  behalf of James Brandon Bennett.

12         THE COURT:  Good morning.

13         MR. FIAGOME:  Good morning.

14         THE COURT:  Mr. Bennett, please raise your right hand

15  to be sworn.

16         (Whereupon, the defendant was sworn.)

17         THE COURT:  We're here today, sir, for your change of

18  plea hearing.  Please state your full name and age for the

19  record.

20         THE DEFENDANT:  James Brandon Bennett, 38.

21         THE COURT:  What is the last grade of school you've

22  completed?

23         THE DEFENDANT:  I graduated high school.

24         THE COURT:  Have you ever been diagnosed with any

25  mental illness or problem?

```
 1              THE DEFENDANT:  Yes.

 2              THE COURT:  Tell me about that.

 3              THE DEFENDANT:  I'm manic schizophrenic.

 4              THE COURT:  Okay.  How -- when did you receive that

 5    diagnosis?

 6              THE DEFENDANT:  I believe it was ten years ago now.

 7              THE COURT:  Yeah.  It doesn't have to be exact.

 8              Have you been followed by a doctor?

 9              THE DEFENDANT:  Yes, ma'am.

10              THE COURT:  All right.  And are you on prescribed

11    medication?

12              THE DEFENDANT:  Yes, ma'am.

13              THE COURT:  Can you tell me what you take?

14              THE DEFENDANT:  Zyprexa and Buspar.

15              THE COURT:  All right.  And you're receiving those

16    same medicines in jail?

17              THE DEFENDANT:  Yes, ma'am.

18              THE COURT:  Okay.  Is there anything about the

19    medications that you take that would cause you not to fully

20    understand what we're doing here today?

21              THE DEFENDANT:  I don't think so.

22              THE COURT:  Okay.  Do you think that you understand

23    what you're here to do today?

24              THE DEFENDANT:  Yes, ma'am.

25              THE COURT:  Okay.  And other than those prescribed
```

1    medications, are you currently under the influence of any other

2    drug or alcohol?

3              THE DEFENDANT:  No, ma'am.

4              THE COURT:  Counsel, do you believe your client is

5    competent to proceed here today?

6              MR. FIAGOME:  Yes, Your Honor.

7              THE COURT:  All right.

8              Sir, you have the right to have your plea taken by

9    the district judge assigned to your case, or you can have me, a

10   United States magistrate judge, take your plea and make a

11   recommendation to the district court.

12             Do you understand that you have this right?

13             THE DEFENDANT:  Yes, ma'am.

14             THE COURT:  I'm holding up your waiver and consent

15   form.  Is that your signature on the bottom?

16             THE DEFENDANT:  Yes, ma'am.

17             THE COURT:  And did you review this document with

18   counsel before signing it?

19             THE DEFENDANT:  Yes, ma'am.

20             THE COURT:  Is it your desire to have me take your

21   plea here today and make a recommendation to the district

22   court?

23             THE DEFENDANT:  Yes, ma'am.

24             THE COURT:  All right.  I find the waiver and consent

25   has been knowingly and voluntarily given.

```
 1              Have you had an opportunity to fully review and
 2   discuss this case with your counsel?
 3              THE DEFENDANT:  Yes, ma'am.
 4              THE COURT:  Are you satisfied with the advice and
 5   representation you have been given?
 6              THE DEFENDANT:  Yes, ma'am.
 7              THE COURT:  All right.  You were charged with
 8   violation of a federal criminal law in an indictment.  Have you
 9   received a copy of that indictment?
10              THE DEFENDANT:  Yes, ma'am.
11              THE COURT:  You have the right to have this
12   indictment read aloud into the record or you may waive that
13   right.  What would you like to do?
14              MR. FIAGOME:  Waive it.
15              THE DEFENDANT:  Waive it.
16              THE COURT:  Do you understand the nature of the
17   charges alleged against you?
18              THE DEFENDANT:  Yes, ma'am.
19              THE COURT:  All right.  I am going to ask
20   Mr. Gonzalez to read aloud the elements of the offense that
21   you're pleading guilty to.  These are the elements the
22   Government would be required to prove beyond a reasonable doubt
23   to establish your guilt if you were to go to trial.
24              Mr. Gonzalez.
25              MR. GONZALEZ:  Your Honor, the elements are as
```

```
 1   follows:  one, that the defendant and one or more persons in

 2   some way or manner made an agreement to commit the crime

 3   charged in the indictment -- that is, to possess with the

 4   intent to manufacture and distribute 500 grams or more of a

 5   mixture or substance containing detectable amounts of

 6   methamphetamine or 50 grams or more of methamphetamine, actual;

 7   two, that the defendant knew the unlawful purpose of the

 8   agreement; three, that the defendant joined in the agreement

 9   willfully -- that is, with the intent to further its unlawful

10   purpose; four, that the overall scope of the conspiracy

11   involved 500 grams or more of a mixture or substance containing

12   detectable amounts of methamphetamine or 50 grams or more of

13   methamphetamine, actual; and, five, that the defendant knew or

14   reasonably should have known that the scope of the conspiracy

15   involved 500 grams or more of a mixture or substance containing

16   detectable amounts of methamphetamine or 50 grams or more of

17   methamphetamine, actual.

18            THE COURT:  Thank you.

19            Sir, do you understand that these are the elements

20   set forth?

21            THE DEFENDANT:  Yes, ma'am.

22            THE COURT:  And do you admit that you committed each

23   one of those elements?

24            THE DEFENDANT:  Yes, ma'am.

25            THE COURT:  All right.
```

1      I've received a notice of plea and -- stating that

2  your intention is to plead guilty without a plea agreement.  Is

3  that correct?

4      THE DEFENDANT:  Yes, ma'am.

5      THE COURT:  Okay.  All right.

6      I'm going to review some things with you, and then

7  we'll talk about the factual basis that was submitted.

8      Do you understand that you have the following

9  constitutional rights?  You have the right to plead not guilty,

10  to have a trial by a jury, to have your guilt proved beyond a

11  reasonable doubt, to confront and cross-examine witnesses and

12  to call witnesses in your defense, and to not be compelled to

13  testify against yourself.

14      Do you understand that you have those rights?

15      THE DEFENDANT:  Yes, ma'am.

16      THE COURT:  All right.  Do you understand that, if

17  you plead guilty to Count 1 of the indictment, you will waive

18  those constitutional rights?

19      (Discussion between defendant and counsel.)

20      THE DEFENDANT:  Yes, ma'am.

21      THE COURT:  Are you sure?  Essentially, there are

22  rights that you have to go to trial and make the Government

23  prove that you're guilty, and at trial you have the right to

24  call witnesses, and no one can force you to testify at trial.

25      So if you plead guilty here today, you're waiving all

1    of those rights because you're choosing not to go to trial and

2    admit your guilt.

3              Do you understand that?

4              THE DEFENDANT:  Yes, ma'am.

5              THE COURT:  Okay.  All right.

6              I'm going to advise you of the minimum and maximum

7    penalties that can be imposed in your case.

8              If 500 grams or more of a mixture or substance

9    containing a detectable amount of methamphetamine or if 50

10   grams or more of methamphetamine, actual, not less than 10

11   years and not more than life imprisonment, a fine not to exceed

12   $10 million, or both; supervised release of at least 5 years;

13   and $100 special assessment.

14             There also may be restitution, cost of incarceration,

15   and -- and forfeiture involved.

16             Do you understand those are the minimum and maximum

17   penalties that can be imposed in your case?

18             THE DEFENDANT:  Yes, ma'am.

19             THE COURT:  All right.  Do you also understand that,

20   in determining your sentence, the Court will refer to the

21   sentencing guidelines; however, those guidelines are not

22   binding upon the Court?

23             THE DEFENDANT:  Yes, ma'am.

24             THE COURT:  Have you had an opportunity to review

25   applicable guideline provisions and the range in your case with

1    your counsel?

2              THE DEFENDANT:  Yes, ma'am.

3              THE COURT:  Has anyone tried to force you or threaten

4    you to plead guilty in this case?

5              THE DEFENDANT:  No, ma'am.

6              THE COURT:  Are you pleading guilty only because you

7    are, in fact, guilty?

8              THE DEFENDANT:  Yes, ma'am.

9              THE COURT:  All right.  If you'll look with me at the

10   factual basis that was submitted in this case.

11             Counsel, since this was submitted by you, can you

12   please summarize the factual basis?

13             MR. GONZALEZ:  Yes.

14             MR. FIAGOME:  Yes, Your Honor.

15             The defendant, James Brandon Bennett, is -- is

16   changing his plea to guilty.  This plea is a result of -- of

17   discussions between Mr. Bennett and I.  The events described

18   are in the Eastern District of Texas.  The defendant,

19   James Brandon Bennett -- Bennett, and one or more persons, in

20   some manner, made an agreement to commit the crime charged in

21   Count 1 of the indictment, to knowingly and intentionally

22   possess with the intent to distribute and manufacture at least

23   15 kilograms but less than 45 kilograms of a mixture or

24   substance containing a detectable amount of methamphetamine or

25   at least 1.5 kilograms but less than 4.5 kilograms of

```
1    methamphetamine actual.

2          Mr. Bennett knew the unlawful purpose of the

3    agreement and joined in it with the intent to further it.

4          Mr. Bennett knew of the amount involved during the

5    term of the conspiracy involved at least 1.5 -- I'm sorry -- 15

6    kilograms but less than 45 kilograms of methamphetamine or a

7    mixture or -- of methamphetamine or at least 1.5 to 4.5

8    kilograms of methamphetamine, actual.

9          This amount involved the conspiracy.  After the

10   defendant entered the conspiracy, it was reasonably forceable

11   to the defendant as part of the jointly undertaken activity.

12         The -- the defendant, Mr. Bennett -- his role in the

13   conspiracy was to supply a conspirator with kilogram quantities

14   of methamphetamine from various sources.  In the -- in the

15   version submitted to the Court, it's stricken -- "imported from

16   Mexico" -- which would be distributed to other co- --

17   coconspirators within the Eastern District.

18         The defendant's signature acknowledgment is also

19   signed on the document, Your Honor, as well as his counsel.

20         THE COURT:  All right.  In the -- the copy that I've

21   got, in addition to "which was imported from Mexico" being

22   stricken, it also looks like the word "kilogram" quantities.

23   So it would just read "Bennett's role in the conspiracy was to

24   supply coconspirators with quantities of methamphetamine"; is

25   that correct?
```

1           MR. FIAGOME:  That is correct, Your Honor.

2           THE COURT:  Okay.  And is that Mr. Gonzalez's

3    initials by those two changes?

4           MR. GONZALEZ:  Yes, Your Honor.

5           THE COURT:  Okay.  All right.

6           Mr. Gonzalez, in addition to these two changes, do

7    you agree that all of the factual elements are met by this

8    factual basis?

9           MR. GONZALEZ:  Yes, Your Honor.

10          THE COURT:  Okay.  All right.

11          Mr. Bennett, is everything in the factual basis true

12   and correct?

13          (Discussion between defendant and counsel.)

14          THE DEFENDANT:  Yes.  Yes, ma'am.

15          THE COURT:  All right.  Is that your signature on

16   Page 2?

17          THE DEFENDANT:  Yes, ma'am.

18          THE COURT:  And did you review this document with

19   counsel before signing it?

20          THE DEFENDANT:  Yes, ma'am.

21          THE COURT:  All right.  Are there any changes you

22   want to make to it at this time?  And -- and let me just tell

23   you, if you've got questions about this, you need to ask them

24   now because, once your -- your plea of guilty is entered, it's

25   difficult to change it.

```
 1                  (Discussion between defendant and counsel.)

 2                  MR. FIAGOME:  Your -- Your Honor, may -- may I take a

 3       moment with Mr. Bennett?

 4                  THE COURT:  Do you want me to move on to the next

 5       case and come back to you?

 6                  (Discussion between defendant and counsel.)

 7                  MR. FIAGOME:  Yes, Your Honor.

 8                  THE COURT:  Okay.

 9                  (Proceedings temporarily passed.)

10                  THE COURT:  All right.  We're back on the record,

11       4:17-CR-124.

12                  Mr. Bennett, you're still under oath.  Are you

13       prepared to -- to resume our conversation about your factual

14       basis?

15                  THE DEFENDANT:  Yes, ma'am.

16                  THE COURT:  All right.  I think the question we had

17       left off with, I had asked you if everything was correct in it,

18       and you said yes.  And then I asked you if there's any changes

19       you wanted to make to it, and I -- I think I didn't get an

20       answer to that question.

21                  THE DEFENDANT:  No, ma'am.  I don't want to make any

22       changes to it.

23                  THE COURT:  Okay.  Did you get your questions

24       answered about the factual basis?

25                  THE DEFENDANT:  Yes, ma'am.
```

 1          THE COURT:  And are you comfortable with everything

 2   that's in it?

 3          THE DEFENDANT:  Yes, ma'am.

 4          THE COURT:  Okay.  Let me ask you, in your own words,

 5   please summarize the criminal conduct that you're pleading

 6   guilty to.  Just tell me in your own words what you did.

 7          THE DEFENDANT:  I bought and sold drugs.

 8          THE COURT:  With at least one other person?

 9          THE DEFENDANT:  Yes, ma'am.

10          THE COURT:  All right.  Do you agree that you knew

11   that the group you were selling drugs with was 15 kilograms --

12   or at least 15 kilograms but less than 45 kilograms of a

13   mixture of substance containing a detectable amount of

14   methamphetamine?

15          THE DEFENDANT:  No, ma'am.

16          THE COURT:  I'm sorry?

17          THE DEFENDANT:  No, ma'am.

18          THE COURT:  Okay.  What did you think the amount of

19   the conspiracy involved?

20          THE DEFENDANT:  I thought it was 5 to 50 -- or 50 to

21   500.

22          THE COURT:  Okay.  Well, then, but that's a problem

23   for you -- right? -- because that's not what your factual basis

24   says.

25          (Discussion between defendant and counsel.)

```
 1              MR. FIAGOME:  Your Honor, may -- may I take a moment

 2    to speak...

 3              (Discussion between defendant and counsel.)

 4              MR. FIAGOME:  Your -- Your Honor, in my conversations

 5    with the defendant, in reviewing the facts with him, we -- we

 6    focused on the 1.5 to 4.5 of actual; so that may be his

 7    confusion.  Because we went over the -- the transactions and

 8    numbers with him, and we went over the lab results.  And I

 9    explained to him that all we have to prove is 1.5, and he

10    acknowledged that that 1.5, he would -- he would take

11    responsibility for.

12              So maybe he didn't understand the question.

13              THE COURT:  And it was actual?

14              MR. FIAGOME:  It was actual, yes.

15              THE COURT:  Okay.  All right.

16              So let me see if I can help make sure that's the only

17    issue.

18              Within the statute, that -- there is a difference

19    between what may have only a little bit of methamphetamine

20    contained in it along with other substances versus something

21    that is pure methamphetamine.  So the amounts are essentially

22    equivalent in the statute when you say "15 kilograms but less

23    than 45 kilograms of a mixture or substance containing a

24    detectable amount of methamphetamine or at least 1.5 kilograms

25    but less than 4.5 kilograms of actual methamphetamine."
```

1   So those essentially are two -- the same thing.

2   THE DEFENDANT:  Okay.

3   THE COURT:  And so it -- what Mr. Gonzalez is

4   representing -- that I guess the evidence in your case is that

5   it was actual methamphetamine.  And if that's correct, then the

6   amounts we're talking about for your case are 1.5 kilograms --

7   at least 1.5 kilograms but less than 4.5 kilograms of actual

8   methamphetamine.

9   THE DEFENDANT:  Yes, ma'am.

10   THE COURT:  Does that make sense?

11   THE DEFENDANT:  Yes, ma'am.

12   THE COURT:  All right.  So I guess the -- the proper

13   question for you then is did you know that the -- the one or

14   more persons that you were distributing methamphetamine with,

15   that that whole group involved at least 1.5 kilograms of actual

16   methamphetamine?

17   THE DEFENDANT:  Yes, ma'am.

18   THE COURT:  Okay.  And then you admit that your role

19   in that group was to supply others with quantities of

20   methamphetamine?

21   THE DEFENDANT:  Yes, ma'am.

22   THE COURT:  Okay.

23   Are both counsel satisfied that there's a factual

24   basis to support the plea?

25   MR. GONZALEZ:  Yes, Your Honor.

1          MR. FIAGOME:  Yes, Your Honor.

2          THE COURT:  All right.

3          Counsel, let me ask you specifically, have you had an

4  opportunity to fully review the evidence and discuss this case

5  with your client?

6          MR. FIAGOME:  Yes, Your Honor.

7          THE COURT:  And do you join in this decision to plead

8  guilty today?

9          MR. FIAGOME:  Yes, Your Honor.

10          THE COURT:  Mr. Bennett, then I'll ask you, with

11  respect to Count 1 of the indictment, which charges a violation

12  of 21 United States Code 846 conspiracy to possess with the

13  intent to distribute a mixture or substance containing a

14  detectable amount of methamphetamine, how do you plead?  Guilty

15  or not guilty?

16          THE DEFENDANT:  Guilty.

17          THE COURT:  I'll accept your plea of guilty and make

18  the following findings on the record.

19          The Court finds that you are competent to plead and

20  you have had assistance of counsel.  You understand your trial

21  rights, and you understand the nature of the charges alleged

22  against you.  You understand the minimum and maximum penalties

23  that can be imposed in your case and that the Court will refer

24  to the sentencing guidelines in determining your sentence, but

25  those guidelines are not binding upon the Court.

1           I find that your plea is knowing and voluntary, and

2   that there is a factual basis to support the plea.

3           So I will recommend that the district court accept

4   your plea of guilty.  You'll have 14 days to make any objection

5   to that recommendation.

6           At this time, sir, you're going to be remanded to the

7   custody of the United States Marshal pending your sentencing

8   hearing in this case.

9           You'll -- prior to your sentencing hearing, you'll be

10  interviewed by a probation officer.  They'll prepare what's

11  called a presentence report.  You'll have an opportunity to

12  review that report with your counsel and make objections to it.

13          The district court will refer both to the report as

14  well as any objections you make in determining your sentence.

15          Do you understand that?

16          THE DEFENDANT:  Yes, ma'am.

17          THE COURT:  Anything further from counsel?

18          MR. GONZALEZ:  Not from the Government, Your Honor.

19  Thank you.

20          MR. FIAGOME:  No, Your Honor.

21          THE COURT:  All right.  We'll stand adjourned in this

22  case.

23          (End of proceedings.)

24

25

1                        **C E R T I F I C A T E**

2

3          I certify that the foregoing is a correct transcript from

4     the recording of proceedings in the above-entitled matter."

5

6     _/s/ Shawna Gauntt-Hicks_                    12/20/2018
7     Shawna Gauntt-Hicks                          Date
      Court Reporter
8     State of Texas No. 9353
      Expiration Date: 12/31/2019
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25